| STATE V. FAST |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**RYAN FAST,**
**Defendant-Appellant.**

Docket No. A-1-CA-37655
COURT OF APPEALS OF NEW MEXICO
May 28, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Christina P. Argyres, District Judge

### COUNSEL

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, John Bennett, Assistant Appellate Defender, Santa Fe, NM for Appellant.

### JUDGES

LINDA M. VANZI, Judge. WE CONCUR: JULIE J. VARGAS, Judge, BRIANA H. ZAMORA, Judge

**AUTHOR:** LINDA M. VANZI

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant has appealed following his conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** In his docketing statement Defendant raised two issues, contending that the officer lacked reasonable suspicion to initiate the traffic stop that led to his arrest and conviction, and challenging the metropolitan court's imposition of certain fees. [DS 4] He renews both arguments in his memorandum in opposition. [MIO 2-7] We address each in turn.

**{3}** Relative to the validity of the traffic stop, Defendant contends that the officer's belief that he observed a traffic violation when Defendant crossed a "painted center median" containing a solid yellow line should be regarded as an unreasonable mistake of law. [MIO 2-6] However, nearly identical situation was presented in *State v. Dopslaf*, 2015-NMCA-098, ¶ 1, 356 P.3d 559, wherein this Court concluded that the officer's belief that the defendant had violated NMSA 1978, Section 66-7-319 (1978) was reasonable. Defendant suggests no fact or circumstance that would distinguish this case. We therefore conclude that *Dopslaf* is controlling.

**{4}** Defendant suggests that the ambiguity inherent in Section 66-7-319 and recognized four years ago in *Dopslaf* should undermine the reasonableness of the officer's belief that Defendant committed a violation. However, as the analysis in *Dopslaf* reflects, the ambiguity in Section 66-7-319 only contributes to the reasonableness of the officer's belief that the observed conduct constituted a traffic violation. *See Dopslaf*, 2015-NMCA-098, ¶¶ 14, 16-17 (explaining that the ambiguity inherent in Section 66-7-319 contributed to the reasonableness of the officer's belief that the defendant had committed a violation). Insofar as the statute remains unaltered, our analysis and conclusion remain the same.

**{5}** More fundamentally, we understand Defendant to contend that ambiguous statutes such as Section 66-7-319 should be deemed invalid, thereby precluding any presumption of good-faith mistake of law. [MIO 4-6] In so arguing, Defendant relies on Fifth and Eleventh Circuit authorities. However, nothing within our own jurisprudence appears to be consistent with this suggested approach, and we decline the invitation to conflate statutory ambiguity with categorical invalidity.

**{6}** Finally, Defendant renews his challenge to the metropolitan court's imposition of several fees. [MIO 7] For the reasons previously stated, [CN 2-3] we adhere to our initial assessment of this matter, and reject Defendant's assertion of error.

**{7}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{8}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**BRIANA H. ZAMORA, Judge**